UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY LACROIX,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT E. CARTER, JR., et al.,<br><br>    Defendants. | CAUSE NO.: 3:23-CV-806-TLS-APR |

**OPINION AND ORDER**

Terry LaCroix, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. As required by 28 U.S.C. § 1915A, the Court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. LaCroix is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. LaCroix is an inmate at Indiana State Prison ("ISP"). His complaint is in places difficult to follow. He alleges that on August 27, 2021, he "died 3 times from a stroke [due] to being tortured through stress, food, medical malpractice, negligence, assault, intimidation, P.T.S.D., stress tolerance disorder, anxiety, nightmares, terrorized, assaulted, denied basic hygiene, and so on for years." ECF No. 1 at 5. He claims that he nevertheless recovered and was

released from an outside hospital on September 1, 2021. *Id.* at 6. When he returned to the prison he had to walk to the infirmary without socks and shoes and was also denied a paper and pencil. *Id.* at 6, 7. He claims he was "hindered in treatment and recovery due to the DOC; IDOC; and Wexford procedure and policies," and that he should have been given a "morphine drip" and other pain medication but was not. *Id.* at 6. He alleges that he needed rehabilitation services but never got them and was "forced to try and rehab on my own as best as I could." *Id.* at 9.

He states that he sent the U.S. Department of Justice a "2 page letter" complaining about alleged mistreatment at the prison and "they did nothing." *Id.* at 10. He further claims that Indiana Governor Eric Holcomb and Indiana Department of Correction ("IDOC") Commissioner Robert E. Carter, Jr., are "guilty of malpractice" because he wrote to them with an unspecified complaint and they did not respond, and that Wexford Medical "is guilty of medical malpractice." *Id.* at 11. He seeks in excess of $2 million in damages from the Department of Justice, Governor Holcomb, Commissioner Carter, and Wexford Medical. *Id.* at 13.

Some of Mr. LaCroix's allegations are in the realm of "fantastic" and "delusional," including his claim that he "died 3 times." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Additionally, he has filed several other lawsuits in this District alleging excessive force, "torture" by prison guards, tampering with his food, and denial of medical care for a broken arm and other injuries.[1] *See, e.g.*, *LaCroix v. Holcomb, et al.*, 3:22-CV-193-JD-MGG (N.D. Ind. closed Feb. 1, 2023); *LaCroix v. Neal, et al.*, 3:22-CV-985-JTM-MGG (N.D. Ind. closed June 20, 2023); *LaCroix v. Neal, et al.*, 3:23-CV-315-DRL-MGG (N.D. Ind. closed Sept. 11, 2023); *LaCroix v. Neal, et al.*,

---

[1] At least one of these suits alleged that he "died" at the prison and was taken to an outside hospital for treatment. *LaCroix v. Neal, et al.*, 3:22-CV-617-DRL-MGG (N.D. Ind. filed Aug. 1, 2022), ECF 8. This appears to have occurred on a different date than the incident he describes in the present complaint.

3:23-CV-363-DRL-JEM (N.D. Ind. filed May 3, 2023); *LaCroix v. Neal, et al.*, 3:23-CV-364-DRL-MGG (N.D. Ind. filed May 3, 2023). To the extent he is trying to reassert those claims here, it is considered malicious for him to use the in forma pauperis statute to file lawsuits containing duplicative claims. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

Assuming he is trying to sue for the denial of medical care for a different injury, he has not provided sufficient information to allege a plausible claim. To state a claim under the Eighth Amendment for the denial of medical care, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (cleaned up).

Mr. LaCroix provides only very general information about being treated in a hospital and then needing pain medication and rehabilitation. He does not provide information about the nature of his impairment or illness, where he was experiencing pain, or what rehabilitation

services he needed and why. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

He also does not name any responsible medical professional as a defendant. He sues the Governor and IDOC Commissioner, but they cannot be held liable for damages solely because of their positions. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no indication either of these individuals had any personal involvement in these events, other than to receive a letter from Mr. LaCroix with an unspecified complaint. The mere fact that he wrote to them to complain about a problem is not enough to hold them liable for damages. *Burks*, 555 F.3d at 595.

It is unclear what Mr. LaCroix wanted the U.S. Department of Justice to do, but if he was trying to initiate criminal charges against someone, he had no authority to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Pullins v. Bell*, No. 22-2913, 2023 WL 6871618, at *2 (7th Cir. Oct. 18, 2023) (holding that "only a criminal prosecutor" can enforce criminal statutes). To the extent he is trying to assert a claim against the government under the Federal Tort Claims Act, there is no indication he first exhausted his administrative remedies, which is a prerequisite to filing suit. *See McNeil v. United States*, 508 U.S. 106 (1993). Even if he did, it is unclear what legal duty the government owed him, as he makes clear he was in the custody of the IDOC at the time of these events.

He also sues Wexford Medical. However, Wexford's contract with IDOC terminated in July 2021, and it was replaced by Centurion Health. *See Baldwin v. Westville Corr. Facility*, No.

3:21-CV-682-DRL-MGG, 2021 WL 5759136, at *2 n.1 (N.D. Ind. Dec. 3, 2021). Mr. LaCroix claims that these events occurred in August 2021 and later, at a point when Wexford Medical was no longer responsible for medical care at Indiana prisons.

Assuming he could name the right corporate entity, there is no respondeat superior liability under 42 U.S.C. § 1983, and a private company cannot be held liable simply because it employed medical staff at the prison. *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. LaCroix does not identify an official corporate policy that caused him injury, nor does he allege facts permitting a reasonable inference that the company had a widespread practice of providing inadequate medical care to prisoners. His allegations are general about the nature of the problem he was having, and he does not describe any incidents of alleged mistreatment besides his own. Isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654.

Finally, to the extent he is asserting a claim based on the fact that he was not given socks and shoes to walk to the infirmary, the Court cannot conclude that having to walk barefoot on one occasion is the type of extreme deprivation that would amount to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Nor does being denied a pencil and paper on one occasion, without some attendant prejudice to a non-frivolous legal claim, amount to a denial of access to the courts. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the Court will allow Mr. LaCroix an opportunity to amend his complaint if, after reviewing the Court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the Court:

(1) GRANTS the Plaintiff until **December 5, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on October 27, 2023.

                                                s/ Theresa L. Springmann  
                                                JUDGE THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT